IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JANIS COWSER, | ) | CIVIL NO. 11-00180 JMS/RLP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING THIRD AMENDED COMPLAINT |
| vs. | ) ) | WITHOUT LEAVE TO AMEND |
| BARACK OBAMA, ET AL., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND

### I. INTRODUCTION

On March 21, 2011, Plaintiff Janis Cowser ("Plaintiff"), proceeding *pro se*, filed a "Legal Writ" (construed as a "Complaint") naming fifty-seven different Defendants, including numerous Federal, State, and Hawaii County officials, as well as private citizens in various capacities. Plaintiff also filed an Application to Proceed Without Prepaying Fee of Costs (the "Application"). On March 28, 2011, the court granted the Application and dismissed the Complaint without prejudice for failure to state a claim.

On April 14, 2011, Plaintiff filed an "Amended Complaint" along with numerous attached exhibits. On April 26, 2011, the court dismissed the Amended Complaint for failure to state a claim with leave to amend.

On May 17, 2011, Plaintiff filed an untitled document, which the court construed as a Second Amended Complaint ("SAC"). On June 20, 2011, the court dismissed the SAC in part with leave for Plaintiff to amend, and directed service of the SAC on Defendant paramedic Rapozo.

On July 5, 2011, Plaintiff filed a Third Amended Complaint ("TAC"). Based on the following, the court DISMISSES the TAC without leave to amend.[1]

## II. **STANDARD OF REVIEW**

Because Plaintiff is proceeding *pro se*, the court liberally construes her pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949

3

(citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 1950.

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, mandating that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough

4

detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted).

## III. ANALYSIS

The court has now explained to Plaintiff her obligations to comply with Rules 8 and 12(b)(6) in three separate orders. The court has instructed Plaintiff that she must (1) clearly state how each Defendant has injured her; (2) clearly state the relief sought and how there is basis for a claim in federal court; and (3) include all relevant facts that support her claim(s). Plaintiff has once again failed to follow these instructions.

The TAC refers to various legal principles -- employer/employee agency, libel, sexual assault, "RICO corruption," perjury, and "deprivation of my Civil Right[s]." At no time, however, does Plaintiff ever identify each Defendant

and explain how each Defendant injured her.² Indeed, the TAC is largely devoid of any facts whatsoever from which the court can discern a claim. In other words, the TAC fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949.

Although the court previously found that the SAC stated a claim against paramedic Rapozo, the TAC does not include any factual allegations stating a claim against him. And as the court previously explained to Plaintiff, the filing of Plaintiff's TAC supersedes all previously-filed complaints, rendering the SAC nonexistent. Indeed, the June 17, 2011 Order notified Plaintiff that she must include her allegations against paramedic Rapozo or she will no longer have a claim against him:

> [I]f Plaintiff chooses to file a Third Amended Complaint,

---

² The TAC does, however, assert that "I am being deprivation [sic] of my Civil Right by Federal Judge J. Michael Seabright and Judge Richard L. Puglis [sic]." TAC at 2. The TAC further threatens that Plaintiff will file a legal action against Judges Seabright and Puglisi if the court does not accept her TAC. *Id.* at 3. These assertions do not require the court to recuse itself -- "even when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento Cnty.*, 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008); *United States v. Majhor*, 2010 WL 3522382, at *1 n.1 (D. Or. Sept. 3, 2010); *see also Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1164-65 (9th Cir. 2006) (holding that where the plaintiff had indiscriminately sued entire the Ninth Circuit, the Ninth Circuit could nonetheless hear the case under the rule of necessity, which provides that a judge is not disqualified to try a case if the "case cannot be heard otherwise"); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (citation and quotation marks omitted)).

> she must also re-allege her claims against paramedic
> Rapozo (sufficient to comply with Rules 8 and 12(b)(6)).
> In other words, if Plaintiff files a Third Amended
> Complaint and does not include her claim against
> paramedic Rapozo, her Second Amended Complaint will
> be considered nonexistent and she will have no claim
> remaining against paramedic Rapozo.

Doc. No. 10, at 10. Plaintiff failed to include any allegations against paramedic Rapozo in her TAC.

The court therefore DISMISSES the TAC for failure to state a claim upon which relief can be granted. Because Plaintiff has now had three opportunities to correct the deficiencies in her pleadings and has still failed to state a plausible claim, the court finds that further amendment would be futile. This dismissal is WITHOUT LEAVE TO AMEND.

## IV. CONCLUSION

For the reasons stated above, the court DISMISSES the TAC without leave to amend. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 20, 2011.



/s/ J. Michael Seabright
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
J. Michael Seabright
United States District Judge

*Cowser v. Obama et al.*, Civ. No. 11-00180 JMS/RPL, Order Dismissing Third Amended Complaint Without Leave to Amend